# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| MEDTRONIC VASCULAR, INC. ET AL., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-06-CV-78 (TJW) |
| | § | |
| BOSTON SCIENTIFIC CORP. ET AL., | § | |
| Defendants. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the parties' Joint Motion to Vacate Judgment and Enter Stipulated Dismissal With Prejudice (Docket Entry #286). In their motion, plaintiffs Medtronic Vascular, Inc.'s, Medtronic USA, Inc.'s, Medtronic, Inc.'s, and Medtronic Vascular Galway, Ltd.'s (collectively, "Medtronic") and defendants Boston Scientific Corporation, SciMed Life Systems Inc. and Boston Scientific SciMed, Inc. (collectively "BSC") announce to the Court that they have settled their dispute in this case and agree that all claims and counterclaims of this action, including Boston Scientific's false marking counterclaims, should be dismissed with prejudice. Further, the parties agree to vacate the August 29, 2008 Memorandum Opinion and Order regarding inequitable conduct (Dkt. No. 276), the January 23, 2009 Memorandum Opinion and Order (Dkt. No. 283) regarding prejudgment interest, and the January 23, 2009 Final Judgment in this case (Dkt. No. 284). The Court DENIES the motion for the reasons discussed herein.

## I. Background

The parties to this case selected a jury on May 2, 2008. The trial commenced on May 16, 2008 and the jury reached its verdict on May 27, 2008. Defendants filed their opening brief on Indefiniteness, Inequitable Conduct and Laches on June 16, 2008. The Court held a bench trial held with regard to these issues on July 31, 2008. The Court entered an order on August 29,

2008 finding the '057 patent and '358 patents unenforceable based on inequitable conduct. The parties now move the Court to vacate this order.

On October 31, 2008, Medtronic filed its Motion for Severance of Claims for Post-Verdict Royalties to Allow for Entry of Final Judgment (Docket Entry #277). BSC twice sought extension of time file its response to the motion and filed its opposition on January 12, 2009. The Court entered an order granting this motion on January 23, 2009. (Dkt. No. 283). The parties move the Court to vacate this order.

In accordance with the jury's verdict, the court rendered final judgment in this case January 23, 2009. (Dkt. No. 284). The parties move the Court to vacate this as well.

## II. Discussion

The Supreme Court has held that settlement alone does not justify vacatur of a judgment under review absent "exceptional circumstances." *U.S. Bancorp Mortgage v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994). In *U.S. Bancorp Mortgage*, the Supreme Court addressed propriety of vacatur for mootness and ruled that a party seeking vacatur must demonstrate "equitable entitlement to the extraordinary remedy of vacatur." *Id*. at 26 ("Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur."). "Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice." *Id*. at 25; *see also Motient Corp. v. Dondero*, 529 F.3d 532, 537 ("When deciding whether to disturb a prior judgment in a case that has been rendered non-justiciable, the court should inquire 'whether the party seeking relief from

the judgment below caused the [non-justiciability] by voluntary action.'" (quoting *Bancorp*, 513

U.S. at 25));  *Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1221 (Fed. Cir. 2001)

("When a case is moot, the Supreme Court in *Bancorp* explained that '[t]he principal condition

to which we have looked [in determining whether vacatur is appropriate] is whether the party

seeking relief from the judgment below caused the mootness by voluntary action.'" (quoting

*Bancorp*, 513 U.S. at 24) ).  The Supreme Court's holding in *Bancorp* applies to a district court's

vacatur of its own judgment.  *See Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 117 (4th Cir.

2000) ("In the circumstance of vacatur due to mootness, however, we are satisfied that the

standards under 28 U.S.C. § 2106 and Rule 60(b) are essentially the same."); *Ericsson, Inc. v.

InterDigital Communications Corp.*, No. 3:93-CV-1809-M, 2004 WL 1636924, at \*10 (N.D.

Tex. June 03, 2004) (*reversed on other grounds*) (stating that "district court judgments, like

appellate judgments, are presumptively correct and valuable to the legal community"); *In re

Fraser*, 98 F. Supp. 2d 788, 791 (E.D. Tex. 2000) (holding that the rationale announced in

*Bancorp* applies district court's vacatur as well); *see also Staley v. Harris County, Tex.*, 485 F.3d

305, 313-14 (5th Cir. 2007) ("Indeed, the preservation of the district court judgment serves the

judicial and community interests by discouraging relitigation of the identical issues by the same

parties under the same circumstances.").

Here, the parties have failed to show an equitable entitlement to an "extraordinary

remedy" of vacatur.  The only reason presented to the Court to vacate its earlier orders is that the

parties have entered into a settlement agreement.  Granting a vacatur based solely on this reason

would effectively result in the exact same relief that *Bancorp* holds is inappropriate.  The Court

entered its inequitable conduct finding in this case six months ago.  In *Bancorp*, the Supreme

Court recognized that the public's interest must be taken into account when analyzing whether to

vacate a judgment which was presumptively correct and valuable to the legal community as a whole. *Bancorp*, 513 U.S. at 26. Public interest in a finding of unenforceability of the two patents in issue here is an important factor that this Court cannot ignore. *Cf. Microtune L.P. v. Broadcom Corp.*, No. 4:01CV23, 2004 WL 2358101, at *1 (E.D. Tex. Aug. 30, 2004) (vacating, on remand from the Federal Circuit, portions of its earlier Final Judgment related to infringement while retaining portions related to validity and enforceability of the patent in issue). Also relevant to the facts of this case is Supreme Court's mandate in *Bancorp* that the standard for vacatur should discourage "rolling the dice" and encourage settlement. *Bancorp*, 513 U.S. at 27-28. The inequitable conduct issue is one where parties would indeed be willing to "roll the dice" if the result could easily be overcome through settlement and vacatur. Therefore, the Court is not convinced that vacatur is appropriate here.

Similarly, with the regard to the determination of prejudgment interest, the parties continued to contest the issue until after the Court the entered its final judgment, almost nine months after the jury rendered its verdict. Under these facts, the Court fails to find any "exceptional circumstances" that would justify vacatur of the Court's final judgment and related order. Therefore, the parties' joint motion to vacate judgment and enter stipulated dismissal with prejudice is DENIED.

SIGNED this 11th day of February, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE